UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA C.,[1]<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No.: 23-cv-1588-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[DKT. NOS. 12, 14]** |

## I.    INTRODUCTION

Plaintiff Teresa C. seeks judicial review of the Commissioner of Social Security's denial of her application for disability benefits. Dkt. No. 1. The parties filed cross-motions for Summary Judgment, and Plaintiff filed a reply. Dkt. Nos. 12, 14, and 15.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 12) and **DENIES** Defendant's Cross-Motion for Summary Judgment (Dkt. No. 14).

## II.   PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income alleging disability beginning February 18, 2020. AR 16.[2] The Social Security Administration denied Plaintiff's application initially and upon reconsideration. *Id.* Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 16–33. The Appeals Council denied Plaintiff's request for review (AR 1–4), and this case followed.

## III.   SUMMARY OF ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920(a).

At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since February 18, 2020, the alleged onset date." AR 19.

At step two, the ALJ found Plaintiff had the following medically determinable severe impairments: "degenerative disc disease, obesity status post gastric bypass surgery, calcific tendinitis primarily affecting the left shoulder, bilateral knee osteoarthritis, fibromyalgia, and gastroparesis." AR 19–21.

---

[2] "AR" refers to the Administrative Record lodged on October 27, 2023. Dkt. No. 8. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 21–22.

The ALJ determined Plaintiff had the residual functioning capacity ("RFC") to perform sedentary work with the following exceptions:

> [Plaintiff] can lift and carry up to 10 pounds frequently and 20 pounds occasionally. She is limited to 2 hours total standing and/or walking and up to 7 hours sitting during an 8-hour workday. She can occasionally reach overhead and push or pull with the bilateral upper extremities. She can occasionally climb ramps or stairs but never ropes, scaffolds, or ladders higher than a stepstool. She can occasionally balance, stoop, crouch, or kneel, but never crawl. She must avoid work at unprotected heights or around dangerous moving machinery. She must avoid concentrated exposure to vibration. She must avoid jobs that require more than occasional driving as a job duty.

AR 22.

At step four, the ALJ found Plaintiff can perform past relevant work. AR 31. The ALJ, therefore, concluded Plaintiff was not disabled and did not proceed to step five. AR 33.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks and citation omitted). The Court may not impose its own reasoning to affirm the ALJ's decision. *See Garrison*, 759 F.3d at 1010. "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Finally, the Court will not reverse if any error is harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination and that a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination.") (internal citations and quotations omitted).

**V.    DISCUSSION**

Plaintiff argues the ALJ erred by: (1) improperly evaluating the medical opinion of her treating pain management specialist, Dr. Jesus Lao; (2) failing to find her lymphedema severe at step two; and (3) failing to find her assistive devices medically necessary at step three. Dkt. No. 12 at 6–15. Because the Court finds error in the ALJ's evaluation of Dr. Lao's opinion, it does not reach the other issues.

**A. <u>The ALJ Errored In The Evaluation of Dr. Lao's Opinion that Plaintiff Will Miss More than Four Days of Work Per Month</u>**

Plaintiff argues the ALJ erred in finding Dr. Lao's opinion unpersuasive without providing sufficient explanations of supportability and consistency. Dkt. No. 12 at 13–15. The Court agrees.[3]

---

[3] The Court instructs the SSA on remand to carefully consider and explain the severity of Plaintiff's lymphedema at step two and the necessity of Plaintiff's assistive devices at step three.

The ALJ must evaluate the persuasiveness of a medical opinion, including its supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."); *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings.") (internal citations omitted). Supportability is "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency "means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

The ALJ's supportability and consistency conclusions must be "supported by substantial evidence." *Id.* at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). An ALJ may not "cherry-pick" medical evidence to discount a medical opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("[T]he ALJ improperly cherry-picked some of [the doctor's] characterizations of [claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment."); *see also Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) ("[T]he ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

Dr. Lao treated Plaintiff eighteen times from January 6, 2020 to December 21, 2021. AR 470–92, 710–54, and 921–78. Based on those treatments, Dr. Lao completed an RFC questionnaire opining Plaintiff cannot sit more than two hours in an eight-hour workday, requires an assistive device, cannot lift or carry any weight, and likely will miss more than four days of work each month. AR 1056–59.

The ALJ's decision found the latter opinion (i.e., Plaintiff likely will miss work more than four days per month) unpersuasive because it "is inconsistent with the lack of frequent emergency room visits or hospitalizations during the relevant period." AR 31.[4] The decision, however, neither explained why the lack of emergency room visits and hospitalizations establishes Plaintiff will not miss work, nor considered the possibility that Plaintiff might have excessive absences due to conditions not requiring emergency care or hospitalization. *Walker v. Comm'r of Soc. Sec.*, No. 2:22-cv-1871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) (reversing and remanding because "[t]he ALJ . . . failed to 'build an accurate and logical bridge' from the evidence to his conclusions") (citing *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020)).

The decision's focus on the lack of emergency room visits and hospitalizations also does not consider other evidence in the record. During the period of alleged disability, Plaintiff had frequent and recurring post-onset visits to: (1) urgent care (five in 2020 (AR

---

[4] The ALJ's decision further stated, "Dr. Lao's opinion is also inconsistent with the physical examinations throughout the treatment record [and] inconsistent with better supported opinion evidence from Dr. Tran and the prior administrative medical findings at reconsideration." AR 31. It is unclear whether those purported inconsistencies bear on the likelihood of missed work, or if they are directed to other physical limitations the ALJ rejected, such as "sitting for less than 2 hours during an 8-hour workday," or not lifting and carrying any weight. *Id.* To the extent the decision meant to address the absentee issue, it fails to explain how the physical examination findings are inconsistent with Plaintiff missing work more than four days per month, and it misapprehends Dr. Tran's opinion, which is silent on the likelihood of missed work.

494–517, 1031–55)); (2) a pain management clinic (nine in 2020 (AR 473–92, 539–58, 710–54) and nine in 2021 (AR 921–78)); and (3) doctors' offices and laboratories (at least seventeen in 2020 (AR 686, 823–29, 831–36, 844–49, 872–78, 1031–55, 1064) and fourteen in 2021 (AR 838–43, 850–71, 879–991, 1074, 1082–1111)). Viewed in the context of the entire record, which contains documentation of frequent medical treatment in places other than emergency rooms, the mere lack of emergency room visits and hospitalizations is not substantial evidence supporting the conclusion that Plaintiff will miss less than four days of work per month. The Court, therefore, finds the decision's analysis of Dr. Lao's missed-work opinion is neither sufficiently explained nor supported by substantial evidence. *Reding v. Astrue*, No. CIV S-09-3078 GGH, 2010 WL 4687747, at *4 (E.D. Cal. Nov. 10, 2010) ("In analyzing the record for substantial evidence, it is important to observe that few medical records as a whole point unerringly to one result. However, it is not appropriate simply to pick isolated evidence which supports a conclusion while ignoring the qualitative and quantitative evidence to the contrary.").

### **B. The ALJ's Error Regarding Dr. Lao's Opinion Is Not Harmless**

"[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006); *see Widmark v. Barnhart*, 454 F.3d 1063, 1069 n.4 (9th Cir. 2006) (rejecting medical opinion was not harmless error because it led to an adverse disability finding).

The error is not harmless here because the ALJ's conclusion that Plaintiff could perform past relevant work assumed Plaintiff would not miss more than four days of work per month. At the hearing, the Vocational Expert ("VE") testified that Plaintiff could not

return to her past relevant work if she missed more than four days of work per month. AR 74 ("[I]f an individual is absent more than one day per month on a consistent basis, they won't be able to maintain employment, so, this would be work preclusive.").[5] The ALJ then presented another hypothetical to clarify whether employment is precluded for an individual who misses "just two days per month," and again, the VE confirmed that is "work preclusive." *Id.*

Because Plaintiff's ability to regularly attend work is material to the ultimate disability determination, the failure to properly evaluate this issue is not harmless. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003) (remanding for further administrative proceedings where "outstanding issues" remained to be resolved).

## C. Remanding for Further Proceedings

Plaintiff seeks a remand for further proceedings. Dkt. No. 12 at 15. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court agrees a remand is appropriate here. *See Bunnell*, 336 F.3d at 1115–16 (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved, so it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits"); *see also Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.").

---

[5] It appears the VE mistakenly referenced one day a month in response to the ALJ's question about one day a week (or four times a month). Because the ALJ followed up with a less restrictive question (i.e., missing two days per month rather than four), the Court need not resolve this discrepancy, because it is clear that missing two days per month (as the VE testified) or four days per month (as Dr. Lao opined) is work preclusive.

8

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's (Dkt. Nos. 12, 14).

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is **VACATED**, and the case is **REMANDED** to the Social Secretary Administration for further administrative proceedings consistent with this Order.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and terminate the case.

**IT IS SO ORDERED.**

Dated: September 28, 2024

Honorable Daniel E. Butcher
United States Magistrate Judge